Gregory v. United States          CV-03-492-M    12/08/03
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Nicholas Gregory,
      Petitioner

      v.                                  Civil No. 03-492-M
                                          Opinion No. 2003 DNH 212
United States of America,
      Respondent


                          **O R D E R**


      Nicholas Gregory petitions for relief pursuant to 28 U.S.C.

§ 2255, arguing that his criminal sentence was unlawful in that a

two year period of supervised release was imposed following his

imprisonment for ten months.  Petitioner asserts, incorrectly,

that a period of supervised release cannot lawfully be imposed as

part of a criminal sentence unless a period of incarceration

exceeding one year is also imposed.  While it is true that a

period of supervised release <u>must</u> be imposed as part of a

criminal sentence when incarceration for more than one year is

imposed, supervised release "may" be imposed as part of a

sentence in any case in which some period of imprisonment is

imposed.  <u>See</u> 18 U.S.C. § 3583(a); United States Sentencing

Guideline § 5D1.1.  Here, a ten month period of imprisonment was

imposed.  Therefore, the supervised release imposed was entirely lawful.

Petitioner asserts a related claim as well — that his attorney provided ineffective assistance by failing to recognize and argue the impropriety of imposing supervised release. Counsel was not ineffective.  Petitioner's underlying point is legally incorrect, and counsel could not have responsibly made the argument petitioner now asserts.  Additionally, no prejudice inured to petitioner because the argument he says should have been made would not have been successful.  See Strickland v. Washington, 466 U.S. 668 (1984) (requiring a showing of both error and prejudice to establish ineffective assistance of counsel).

Finally, petitioner seems to argue that he was prejudiced by counsel's failure to object to the prosecutor's suggestion, at sentencing, that the government's recommendation of a sentence that included two years of supervised release was at the "low end" when in fact the "low end" would not have included supervised release at all (since, in petitioner's view, it was

2

not mandatory, given the incarceration period of less than one year). Again, defense counsel was not ineffective. First, "low end" usually refers to the period of incarceration in the context of Guideline Sentencing plea bargains. Indeed, petitioner's plea agreement (document no. 7, p. 4, Cr. No. 02-80-01-M) provides that "The United States will recommend that the defendant be sentenced at the low end of the applicable Guideline Sentencing Range ("GSR"). Second, even if counsel had objected and made petitioner's point at sentencing, it would have made no difference whatsoever. The court would have imposed a two year period of supervised release in any event, even had defense counsel objected, and even if the prosecutor, consistent with petitioner's current interpretation of what a "low end" recommendation properly includes, had recommended no period of supervised release in this case. Accordingly, no prejudice was suffered by petitioner.

## Conclusion

The petition for relief pursuant to 28 U.S.C. § 2255 is hereby denied; the petition, files and records of the case conclusively show that the prisoner is entitled to no relief.

3

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 8, 2003

cc: Nicholas Gregory
    Peter E. Papps, Esq.